UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE COBB,

        Plaintiff,

                                    Case No. 17-11382

vs.

                                    HON. GEORGE CARAM STEEH

STATE FARM FIRE
AND CASUALTY CO.,

        Defendant.

_____/

OPINION AND ORDER GRANTING PROPOSED INTERVENING
PLAINTIFF'S MOTION TO INTERVENE [DOC. 9], REQUIRING JOINDER
OF NON-PARTY STANDARD GUARANTY INSURANCE COMPANY AND
<u>GRANTING PLAINTIFF'S ORAL MOTION TO AMEND ITS COMPLAINT</u>

      This matter has come before the court on proposed intervening plaintiff U.S. Bank National Association's motion to intervene. U.S. Bank is being represented in this action by its attorney-in-fact Select Portfolio Servicing, Inc. ("SPS"). SPS moves for leave to intervene as of right, pursuant to Fed. R. Civ. P. 24(a)(2), or alternatively for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1).

      On July 21, 2005, plaintiff executed a Promissory Note evidencing a loan in the amount of $79,800.00 he received from New Century Mortgage Corporation. The Note was secured by a Mortgage. SPS began servicing the Mortgage on November 29, 2005. On March 26, 2007, the Mortgage

- 1 -

was assigned to Intervening Plaintiff. Plaintiff is in default under the Note.

This action arises out of a homeowner's insurance policy ("State Farm Policy") entered into between plaintiff Eugene Cobb and defendant State Farm Fire and Casualty Company on June 3, 2016. Plaintiff suffered a loss to the Property as a result of a fire on or about August 30, 2016. The State Farm Policy provides insurance on plaintiff's real and personal property. Pursuant to the Mortgage Clause provision, State Farm agrees to cover any loss suffered by Intervening Plaintiff as mortgagee as a result of damage to plaintiff's Property.

On March 17, 2017, plaintiff filed his lawsuit against State Farm in Wayne County Circuit Court. On May 1, 2017, State Farm removed the matter to this court. On May 3, 2017, State Filed an Answer to the Complaint and on June 14, 2017, the court entered a scheduling order with a discovery cutoff of December 11, 2017 and a trial date of May 29, 2018.

SPS filed its motion to intervene to protect its rights under the terms of the State Farm Policy. State Farm does not object to allowing SPS to intervene because it does not want to pay twice for the same loss. Plaintiff objects to intervention unless SPS's own insurer is also joined in the case.

When SPS became the servicer of the Mortgage in 2005, it obtained an insurance policy with Standard Guaranty because plaintiff allegedly

failed to provide proof of an acceptable insurance policy covering the Property. SPS contends that the Standard Guaranty policy is not implicated in this matter because the policy terminated by its terms prior to the date of plaintiff's loss. The "other insurance" provision states: "[c]overage on any described location provided under this certificate will be terminated on the effective date of other acceptable insurance." SPS maintains that once plaintiff obtained the State Farm policy on June 3, 2016, the Standard Guaranty policy terminated.

SPS points out that even if the Standard Guaranty policy was still in effect on the date of loss, it provides coverage only for excess real property loss coverage, which is not triggered because plaintiff's claimed real property loss is below the policy limits of his policy with State Farm. The "other insurance" clause of the Standard Guaranty policy states: "[i]f there is any other valid or collectible insurance which would attach if the insurance under this Certificate had not been effected, this insurance shall apply only as excess and in no event as contributing insurance and then only after all other insurance has been exhausted."

The court held oral argument on the motion to intervene on October 30, 2017.

I. Intervention as of Right

Federal Rule of Civil Procedure 24(a) provides that upon timely application, anyone shall be permitted to intervene in an action if it satisfies the following factors: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) the impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court. *Michigan State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

The court agrees that SPS has satisfied the requirements of Rule 24(a) and should be permitted to intervene in this case. As mortgagee, SPS has an interest in the State Farm Policy and its ability to protect this interest will be impaired if SPS is not included in the litigation. At oral argument, plaintiff's counsel stated that he does not object to permitting SPS to intervene and acknowledged that any prejudice could be addressed by amending the scheduling order.

II.  Joinder of Standard Guaranty

The State Farm Policy insures both plaintiff and SPS in the case of a loss to the real property, and provides pro-rata coverage when a loss is also covered by another insurance policy. The Standard Guaranty Policy insures only SPS and provides excess coverage when a loss is also covered by another policy. In addition, as a forced placed policy, the

Standard Guaranty Policy requires the mortgagee to inform Standard Guaranty to request coverage to be terminated if the borrower obtains other acceptable insurance.

There are unresolved issues of fact in this case, including whether State Farm informed Standard Guaranty that they issued a policy on the Property in June 2016, and why Standard Guaranty issued a policy on the same Property on August 30, 2016, and then renewed that policy in September of 2017.   There are also issues of law, including how the two policies are to be reconciled where one has an excess coverage clause and the other has a pro-rata clause, but the insureds on the policies are not the same.

Federal Rule of Civil Procedure 19(a) covers the situation where a party should be joined in an action if feasible.   A party is considered a required party to an action if in the person's absence the court cannot accord complete relief among existing parties.   Because of the issues identified in this case, the court would not be able to determine the contract rights of all of the parties without the presence of Standard Guaranty.   In addition, resolving the issues without including Standard Guaranty may "as a practical matter impair or impede [its] ability to protect [its] interest." Rule 19 (a)(1)(B)(i).   Finally, if Standard Guaranty is not joined, State Farm

potentially would be subject to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Rule 19(a)(1)(B)(ii). The court therefore finds that Standard Guaranty is a required party under Rule 19(a).

Because Standard Guaranty has not been joined as a required party, the court must order them to be made a party. Rule 19(a)(2).

III.     Plaintiff's Oral Motion to Amend

At oral argument, plaintiff's counsel moved to amend the complaint to allege a claim against SPS based on the allegation that SPS continued to procure, and require plaintiff to pay for, the forced placed Standard Guaranty policy after plaintiff entered into the State Farm Policy. The court grants plaintiff's oral motion to amend and gives plaintiff thirty (30) days from the date of this Order to file its amended complaint.

IV.    Conclusion

For the reasons stated on the record at oral argument, as well as those explained in this opinion and order:

IT IS HEREBY ORDERED that Intervening Plaintiff SPS's motion to intervene is GRANTED.

IT IS HEREBY FURTHER ORDERED that Standard Guaranty is a required party and must be joined in this action pursuant to Rule 19(a).

IT IS HEREBY FURTHER ORDERED that Plaintiff is granted leave to amend his complaint within thirty days of the entry of this Order.

It is so ordered.

Dated: November 1, 2017

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 1, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk